IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANNA ANDERSON,<br>  8913 Gladeside Drive<br>  Clinton, Maryland 20735<br><br>      Plaintiff,<br><br>v.<br><br>MERRICK G. GARLAND,<br>in his official capacity as Attorney<br>General of the United States<br>Department of Justice,<br>  950 Pennsylvania Avenue, NW<br>  Room 1111<br>  Washington, DC 20530<br><br>      Defendant. | Case No. 1:23-cv-2674<br><br>DEMAND FOR JURY TRIAL |

## **COMPLAINT**

Plaintiff Anna Anderson ("Ms. Anderson"), for her complaint against Defendant Merrick B. Garland, in his official capacity as Attorney General of the Department of Justice ("Defendant DOJ"), states the following:

1. Ms. Anderson brings this action to seek redress for the wrongful employment actions taken against her by Defendant DOJ, which caused and continues to cause her substantial harm.

2. Although Ms. Anderson had an exemplary work record spanning nearly ten years, Defendant DOJ initiated a retaliatory campaign against her when she declined her immediate supervisor's request to retract a race-based discrimination complaint she had lodged against a prior supervisor. The hostility from Defendant DOJ intensified after Ms. Anderson complained about the supervisor's request. Defendant DOJ's retaliatory actions included:

  a) Deliberately assigning Ms. Anderson a subpar performance rating, making her ineligible for performance rewards and growth opportunities;
  b) Overburdening Ms. Anderson with a workload significantly heavier than that of her peers;
  c) Implementing disciplinary measures against Ms. Anderson, negatively affecting her salary and promotion prospects;
  d) Overlooking Ms. Anderson for promotions; and
  e) Ultimately terminating her employment.

3. Ms. Anderson's claims arise under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343 because this case involves questions of federal law and because Ms. Anderson seeks damages for violations of her civil rights.

5. Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practice was committed in this judicial district, the relevant employment records are maintained in this judicial district, and this judicial district has a substantial connection to Ms. Anderson's claims. Venue is also proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims herein occurred within this judicial district.

## THE PARTIES

6. Plaintiff Anna Anderson is an African American female who was employed by Defendant DOJ as a Program Operations Specialist in its Office of Justice Programs ("OJP"), with a post of duty in Washington, DC. Ms. Anderson's first-line supervisors in the OJP were Barry Bratburd (from 2010 to 2018) and Jennifer Scherer (from 2018 to 2020). Ms. Anderson resides in Prince George's County, Maryland.

7. Defendant is Merrick Garland is the Attorney General of the United States Department of Justice ("DOJ"), the federal agency responsible for enforcing federal laws and ensuring the fair and impartial administration of justice. Mr. Garland is the proper party in actions against the DOJ that allege violations of civil rights in the workplace.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. On July 30, 2019, Ms. Anderson imitated contact with an EEO Counselor regarding the claims at issue.

9. On October 23, 2019, the EEO Director notified Ms. Anderson of her right to file a formal complaint.

10. On November 15, 2019, Ms. Anderson filed an EEO complaint for unlawful discriminated based on race, age, sex, and religion (Agency Case No. OJP-2019-01141) (the "EEO Complaint").

11. On November 27, 2020, Ms. Anderson requested a hearing on the EEO Complaint.

12. On August 1, 2022, an EEOC Administrative Law Judge dismissed Ms. Anderson's request for a hearing and remanded her EEO Complaint to Defendant DOJ for a final agency decision.

13. On August 11, 2022, Defendant DOJ's Complaint Adjudication Office confirmed that it had received Ms. Anderson's EEO Complaint and that a final decision would be rendered "as soon as possible."

14. Defendant DOJ has not yet entered a final decision on Ms. Anderson's EEO Complaint. Ms. Anderson may now properly seek relief in federal district court on the EEO Complaint because more than 180 days have elapsed since the date the complaint was filed.

15. Ms. Anderson has fully complied with all prerequisites for this Court to assume jurisdiction over this action.

**BACKGROUND FACTS**

16. In 2008, Ms. Anderson began working for Defendant DOJ in its Justice Management Division.

17. In 2010, Ms. Anderson transferred to Defendant DOJ's Office of Justice Programs. Her main responsibilities included, among other things, assisting and reviewing contractor work performance, responding to Freedom of Information Act (FOIA) requests, processing requests for approved equipment and supplies, and tracking government purchase card requests.

18. In 2016, 2017, and 2018, Ms. Anderson received a rating of "Exceeded Expectations" on each of her performance appraisal records for the respective rating period. Ms. Anderson also received monetary awards and time-off awards during the rating periods based on her stellar work performance.

19. From 2016 through 2020, Barry Bratburd ("Mr. Bratburd") and Jennifer Scherer ("Ms. Scherer") served as Ms. Anderson's first-line supervisor and second-line supervisor, respectively. During this period, Barry Bratburd was employed by Defendant DOJ as a Supervisory Program Manager, and Ms. Scherer was his first-line supervisor. Ms. Scherer was employed by Defendant DOJ as a Principal Deputy Director and Chief of Staff at the National Institute of Justice ("NIJ").

20. In 2016, Ms. Anderson filed an EEO complaint against Mr. Bratburd, alleging unlawful discrimination.

21. In August 2017, Ms. Scherer became Ms. Anderson's first-line supervisor, and thereafter continued to serve as Ms. Anderson's first-line supervisor until April 2020—the date Ms. Anderson was terminated.

22. In July 2018, Ms. Scherer nominated Ms. Anderson for a Special Acts Award "for [her] outstanding work on the records management project[,]" and informed Ms. Anderson that she would also be receiving a $500 award.

23. In September 2018, Ms. Scherer asked Ms. Anderson to withdraw the EEO complaint she previously filed against Mr. Bratburd in 2016. Ms. Scherer informed Ms. Anderson that Mr. Bratburd was eligible for a GS-15 position and that his promotion could be impacted by Ms. Anderson's EEO complaint.

24. Ms. Anderson ultimately refused to withdraw the EEO complaint against Mr. Bratburd. Thereafter, Ms. Scherer began to overly scrutinize Ms. Anderson's performance and take retaliatory action against her.

25. In February 2019, Ms. Scherer denied Ms. Anderson's proposed telework/on-site schedule for a specific week. Ms. Scherer did not provide Ms. Anderson with a reason for the denial, nor did Ms. Scherer have a legitimate reason to deny the proposed schedule. Ms. Scherer denied the proposed schedule submitted by Ms. Anderson because Ms. Anderson refused to withdraw the EEO complaint she filed against Mr. Bratburd.

26. On February 26, 2019, the President of the American Federal of State, County and Municipal Employee ("AFSCME") Local 2830 (the "Union President") sent an email to Ms. Scherer to inquire about the decision to deny Ms. Anderson's proposed telework/on-site schedule for the following week. Immediately after receiving the email, Ms. Scherer informed Ms.

Anderson that she would no longer have her own cubicle because she teleworked from home 50% of the time.

27. On February 28, 2019, the Union President submitted a report to Defendant DOJ alleging that Ms. Scherer was treating employees who withdrew or settled EEO complaints more favorably than those who, like Ms. Anderson, refused to withdraw their EEO complaints. In her report, the Union President noted that Ms. Anderson's coworker, Sherran Thomas, teleworked 60% of the time but had never been approached by Ms. Scherer about the possibility of losing her cubicle. Sherran Thomas previously filed two EEO complaints against Ms. Scherer but later withdrew them, presumably in response to Ms. Scherer's requests to do so.

28. On June 5, 2019, Ms. Scherer issued Ms. Anderson a rating of "Unacceptable Performance" on her 2019 performance appraisal record, and placed Ms. Anderson on a 45-day Performance Improvement Plan (commonly referred to as a "PIP").

29. On Ms. Anderson's midyear evaluation in June 2019, Ms. Scherer claimed that completing tasks had been an ongoing issue for Ms. Anderson since December 1, 2018. Prior to issuing the PIP, Ms. Scherer did not inform Ms. Anderson about any issues or concerns regarding the completion of tasks. Ms. Scherer issued Ms. Anderson a poor performance rating because Ms. Anderson refused to withdraw the EEO complaint she filed against Mr. Bratburd.

30. Ms. Scherer did not have a legitimate reason for issuing Ms. Anderson the poor performance rating. Ms Scherer did not have a legitimate reason for placing Ms. Anderson on the PIP.

31. On July 5, 2019, Ms. Scherer intentionally reassigned the work duties of another employee to Ms. Anderson, saddling Ms. Anderson with a disproportionately heavy workload relative to her coworkers. Ms. Scherer intentionally chose not to redistribute the work duties

equally amongst the coworkers, but instead reassigned all the work duties to Ms. Anderson. Ms. Scherer reassigned all the work duties to Ms. Anderson because Ms. Anderson refused to withdraw the EEO complaint she filed against Mr. Bratburd.

32. On July 30, 2019, Ms. Anderson submitted an EEO Pre-Complaint Intake Form to Defendant DOJ that detailed, among other things, her belief that Ms. Scherer was retaliating against her for participating in certain activities protected under federal law, namely filing an EEO complaint and participating in the EEO process.

33. In August 2019, Ms. Scherer instructed Ms. Anderson to conduct a thorough review of her purchase card records to confirm compliance with all applicable regulations. Ms. Scherer implicitly accused Ms. Anderson of violating DOJ's regulations with respect to purchases made using her business card. Ms. Scherer did not instruct any other employees under her supervision to conduct a thorough review of their purchase card records to confirm compliance with all applicable regulations. Ms. Scherer did not have a legitimate reason for instructing Ms. Anderson to perform the review. Ms. Scherer instructed Ms. Anderson to perform the review because Ms. Anderson refused to withdraw the EEO complaint she filed against Mr. Bratburd and because Ms. Anderson had recently submitted an EEO complaint against Ms. Scherer.

34. The Union President reviewed the purchase card transactions made by Ms. Anderson from 2016 through 2019. Upon completing the review, the Union President confirmed that she could not find any errors committed by Ms. Anderson. The Union President further stated that forgetting to attach a Standard Form 182 to a single transaction in 2019, if true, does not rise to a performance issue unless it is repetitive and ongoing. The Union President informed

Ms. Scherer that it was the Union's position that Ms. Scherer's characterization of the purchase card matter as a performance issue was abusive and unwarranted in light of the facts.

35. On or about September 5, 2019, Ms. Scherer placed Ms. Anderson on another 45-day PIP. Ms. Scherer placed Ms. Anderson on the PIP because Ms. Anderson refused to withdraw the EEO complaint she filed against Mr. Bratburd and because Ms. Anderson had engaged with the DOJ's EEO office regarding Ms. Scherer's conduct.

36. On October 22, 2019, Defendant Scherer issued Ms. Anderson a Letter of Reprimand for "continuously disregard[ing] the standards of courtesy and respect consistent with [DOJ's] rules[.]" Attached as Exhibit 1 is a true and correct copy of the Letter of Reprimand. The Letter of Reprimand negatively impacted Ms. Anderson's ability to receive pay incentives and her opportunities for advancement. Ms. Scherer did not have a legitimate reason for issuing the Letter of Reprimand to Ms. Anderson. Ms. Scherer issued the Letter of Reprimand because Ms. Anderson refused to withdraw the EEO complaint she filed against Mr. Bratburd and because Ms. Anderson had engaged with the DOJ's EEO office regarding Ms. Scherer's conduct.

37. On October 23, 2019, the DOJ's EEO Director provided Ms. Anderson with a Notice of Right to File a Discrimination Complaint.

38. In October 2019, Ms. Anderson sought treatment from a physician at Fort Washington Family Care, P.C. for stress-related physical ailments, anxiety, and depression, all of which were caused or aggravated by Ms. Scherer's conduct in the workplace. Ms. Anderson's physician drafted a letter that detailed the extent of her medical-related conditions, a true and correct copy of which is attached as Exhibit 2.

39. On or about November 1, 2019, Ms. Anderson provided Ms. Scherer with the letter from her physician referenced above, which expressly excused Ms. Anderson from work

October 29, 2019 through December 2, 2019 due to medical reasons. After receiving the physician's note, Ms. Scherer waited more than 11 days to respond to Ms. Anderson. Ms. Scherer intentionally delayed responding to Ms. Anderson's request to be excused from work because Ms. Anderson refused to withdraw the EEO complaint she filed against Mr. Bratburd and because Ms. Anderson had engaged with Defendant DOJ's EEO office regarding Ms. Scherer's conduct.

40. On November 12, 2019, Ms. Scherer entered an "Absence without Leave" (AWOL) notation in Ms. Anderson's time and attendance record for the time Ms. Anderson took off work in accordance with the instructions from her physician. Ms. Scherer did not have a legitimate reason for placing Ms. Anderson in an AWOL status. Ms. Scherer entered the AWOL notation against Ms. Anderson because Ms. Anderson refused to withdraw the EEO complaint she filed against Mr. Bratburd and because Ms. Anderson had engaged with the DOJ's EEO office regarding Ms. Scherer's conduct.

41. On November 13, 2019, Ms. Scherer denied Ms. Anderson's request to be excused from work in accordance with the instructions from her physician, and Ms. Scherer requested that Ms. Anderson provide more specific details about her medical condition.

42. On November 14, 2019, Ms. Anderson filed an EEO complaint against Ms. Scherer that alleged, among other things, unlawful retaliation.

43. On or about November 12, 2019, Ms. Scherer issued a letter to Ms. Anderson that claimed Ms. Anderson did not successfully complete the PIP. The letter failed to identify any specific reasons that supported the decision, nor did the letter contain any objective criteria that would justify the decision. The letter also did not inform Ms. Anderson of the minimum level of performance needed that would have otherwise resulted in the successful completion of the PIP.

Attached as Exhibit 3 is a true and correct copy of the letter dated November 12, 2019. Ms. Scherer did not have a legitimate reason to issue the letter to Ms. Anderson. Ms. Scherer issued the letter to Ms. Anderson because Ms. Anderson refused to withdraw the EEO complaint she filed against Mr. Bratburd and because Ms. Anderson had recently filed an EEO complaint against Ms. Scherer.

44. On November 19, 2019, Ms. Anderson submitted a request to take annual leave prior to the year's end to avoid losing leave under Defendant DOJ's "Use or Lose" leave policy.

45. On December 3, 2019, Ms. Scherer denied Ms. Anderson's request to take annual leave. Ms. Scherer did not deny the annual leave requests submitted by Ms. Anderson in prior years. Ms. Scherer did not have a legitimate reason for denying Ms. Anderson's leave request. Ms. Scherer denied Ms. Anderson's leave request in 2019 because Ms. Anderson refused to withdraw the EEO complaint she filed against Mr. Bratburd and because Ms. Anderson had recently filed an EEO complaint against Ms. Scherer.

46. On December 5, 2019, Ms. Scherer denied Ms. Anderson's request to take sick leave, despite Ms. Anderson presenting a note from her doctor to substantiate the need for sick leave. Ms. Scherer did not have a legitimate reason for denying Ms. Anderson's sick leave request. Ms. Scherer denied Ms. Anderson's request to take sick leave because Ms. Anderson refused to withdraw the EEO complaint she filed against Mr. Bratburd and because Ms. Anderson had recently filed an EEO complaint against Ms. Scherer.

47. On December 10, 2019, Ms. Scherer issued a Proposal to Remove Ms. Anderson. Attached as Exhibit 4 is a true and correct copy of the Proposal to Remove. Ms. Scherer issued the Proposal to Remove and took affirmative steps to terminate Ms. Anderson's employment with the Agency because Ms. Anderson refused to withdraw the EEO complaint she filed against

Mr. Bratburd and because Ms. Anderson had recently filed an EEO complaint against Ms. Scherer. Ms. Scherer did not have a legitimate reason to propose terminating Ms. Anderson's employment.

48. From January 2020 through April 2020, Ms. Scherer persistently identified alleged errors with Ms. Anderson's work product. Ms. Scherer fabricated the errors to make it appear as though Ms. Anderson was incompetent, in an effort to validate the Proposal to Remove Ms. Scherer previously issued. Ms. Scherer fabricated the errors because Ms. Anderson refused to withdraw the EEO complaint she filed against Mr. Bratburd and because Ms. Anderson had recently filed an EEO complaint against Ms. Scherer.

49. On May 1, 2020, Defendant DOJ issued a letter to Ms. Anderson notifying that her employment was terminated as of April 28, 2020. Attached hereto as Exhibit 5 is a true and correct copy of the Termination Letter.

### *Harm Suffered by Ms. Anderson*

50. Ms. Scherer's unlawful workplace conduct forced Ms. Anderson to endure a retaliatory hostile work environment for nearly two years, which caused Ms. Anderson to suffer financial harm, severe emotional distress, physical pain and suffering, and personal humiliation.

51. Ms. Anderson additionally underwent treatment for stress-related physical ailments, anxiety, and depression that were directly tied to the persistent retaliatory actions taken against her by Ms. Scherer. As part of the treatments, Ms. Anderson sought professional counseling services, consumed prescription medications, and underwent physical therapy sessions. Ms. Scherer's actions significantly impacted Ms. Anderson's mental health and wellbeing, causing her to frequently seek medical treatment to cope with the high levels of workplace, stress, anxiety, and trauma.

52. Ms. Scherer's unlawful retaliatory conduct persisted despite Ms. Anderson's numerous EEO-related complaints and constant pleas for help.

## COUNT I
### Unlawful Retaliation in Violation of Title VII of the Civil Rights Act of 1964

53. Ms. Anderson incorporates herein by reference the allegations set forth in paragraphs 1 through 52.

54. Title VII forbids an employer from retaliating against an employee because of the employee's opposition to "any practice made an unlawful practice" by Title VII, or the employee's participation in "an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a).

55. Ms Anderson engaged in protected activities under Title VII by, among other things: (a) filing an EEO complaint against Mr. Bratburd that alleged violations of Title VII; (b) making EEO-related complaints to Local 2830 about Ms. Scherer's conduct; (c) and filing an EEO complaint against Ms. Scherer that alleged unlawful discrimination and retaliation.

56. After engaging in the protected activities referenced above, Ms. Scherer took several actions against Ms. Anderson that materially impacted the terms and conditions of her employment, including but not limited to:

   a) Denying Ms. Anderson's telework/on-site schedule (¶ 24);
   b) Threatening to remove Ms. Anderson from her cubicle (¶ 25);
   c) Placing Ms. Anderson on multiple Performance Improvement Plans (¶¶ 28 and 35);
   d) Issuing Ms. Anderson poor performance evaluations (¶ 29);
   e) Assigning a disproportionate amount of work to Ms. Anderson relative to her colleagues (¶ 31);
   f) Issuing a reprimand to Ms. Anderson (¶ 36);
   g) Denying Ms. Anderson's leave requests (¶¶ 45 and 46); and
   h) Terminating Ms. Anderson's employment (¶ 49).

57. The actions taken by Ms. Scherer would likely dissuade a reasonable employee in Ms. Anderson's position from engaging in activity protected under Title VII.

58. The actions taken by Ms. Scherer were motivated by: (a) Ms. Anderson's refusal to withdraw the EEO complaint she filed against Mr. Bratburd; (b) the complaints Ms. Anderson made to Local 2830 that alleged wrongful conduct on the part of Ms. Scherer; and (c) the EEO complaint Ms. Anderson filed against Ms. Scherer. A very close temporal proximity existed between each of the actions taken by Ms. Scherer and the protected activities that Ms. Anderson engaged in.

59. Ms. Scherer's actions were intentional and done with a reckless disregard for Ms. Anderson's right to be free from unlawful retaliatory conduct in the workplace.

60. As a direct and proximate cause of Ms. Scherer's conduct, Ms. Anderson has suffered and continues to suffer harm.

## COUNT II
### Retaliatory Hostile Work Environment, in Violation of Title VII of the Civil Rights Act of 1964

61. Ms. Anderson incorporates herein by reference the allegations set forth in paragraphs 1 through 52.

62. Title VII prohibits an employer from subjecting an employee to a hostile work environment created by persistent retaliatory actions taken against the employee for participating in activity protected under the statute.

63. As referenced in paragraph 56, Defendant DOJ, through the actions of Ms. Scherer, subjected Ms. Anderson to frequent and persistent retaliatory actions in the workplace that were unwelcome and that which would have likely dissuaded a reasonable worker in Ms. Anderson's position from making or supporting a charge of discrimination.

64. Defendant DOJ, through the actions of Ms. Scherer, took the actions against Ms. Anderson because she engaged in the protected activities referenced in paragraph 55.

65. Ms. Anderson's multiple complaints to Defendant DOJ, Union representatives, and the EEOC did not cause Ms. Scherer's unlawful workplace conduct to cease.

66. Defendant DOJ's conduct subjected Ms. Anderson to a retaliatory hostile work environment that caused and continues to cause her substantial harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Anna Anderson respectfully request that the Court enter judgment on the Complaint, in her favor and against Defendant DOJ, as follows:

A. Award Ms. Anderson appropriate amounts of back pay, in a fair and reasonable amount to be determined at trial;

B. Reinstate Ms. Anderson in the same or substantial similar position with Defendant DOJ, or in the alternative, award Ms. Anderson an appropriate amount of front pay, in a fair and reasonable amount to be determined at trial;

C. Award Ms. Anderson compensatory damages for the harm she suffered as a result of Defendant DOJ's conduct, in fair and reasonable amount to be determined at trial;

D. Award Ms. Anderson pre-judgment interest and post-judgment interest;

E. Award Ms. Anderson the costs and fees she incurred in connection with this action, including reasonable attorneys' fees; and

F. Grant Ms. Anderson such other relief as the Court deems just and proper, including injunctive and declaratory relief as may be required in the interest of justice.

\\

\\

\\

\\

Dated: September 12, 2023

Respectfully submitted,

*/s/ Jordan D. Howlette*
JORDAN D. HOWLETTE
DC Bar No.: 155982
Managing Attorney
JD Howlette Law
1140 3rd St. NE
Washington, DC 20002
Tel: (202) 921-6005
Fax: (202) 921-7102
jordan@jdhowlettelaw.com
*Counsel for Plaintiff*