UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANNA ANDERSON,

        Plaintiff,

v.

MERRICK G. GARLAND,
Attorney General,

        Defendant.

Civil Action No. 23-2674 (TNM)

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Merrick Garland, in his official capacity as Attorney General, by and through his undersigned counsel, respectfully submits the following Answer to Plaintiff's Complaint. The numbered paragraphs of this Answer correspond to the numbered paragraphs in the Complaint.

### FIRST DEFENSE

Plaintiff has failed to state a claim for which relief can be granted.

### SECOND DEFENSE

The Complaint should be dismissed to the extent Plaintiff failed to timely exhaust administrative remedies, including the requirement to file a formal EEO administrative complaint within fifteen days of receipt of a notice of right to file.

### THIRD DEFENSE

Plaintiff's recovery for damages should be reduced or denied to the extent that Plaintiff has failed to mitigate damages.

## FOURTH DEFENSE

Plaintiff cannot recover compensatory damages to the extent she has already been compensated for injuries allegedly resulting from Defendant's actions during the same time period as the limited claims at issue.

## FIFTH DEFENSE

Defendant would have taken the same employment decision in the absence of the alleged impermissible motivating factor.

Defendant reserves the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged. Defendant asserts all applicable statutory limitations with respect to Plaintiff's damage claims.

## RESPONSES TO NUMBERED PARAGRAPHS

Defendant responds to the numbered paragraphs of the Complaint as follows:

1. This paragraph purports to characterize Plaintiff's claim and otherwise asserts legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

2. This paragraph asserts legal conclusions and arguments to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

3. This paragraph characterizes the statutory basis for the claims asserted and does not plead factual allegations to which a response is required.

## JURISDICTION AND VENUE[1]

4. This paragraph asserts legal conclusions to which no response is required.

5. This paragraph asserts legal conclusions to which no response is required.

## THE PARTIES

6. Defendant admits that Plaintiff identifies as an African-American female, who began working as a Program Operations Specialist in 2010 at the Office of Justice Programs in Washington, D.C. Defendant denies the second sentence and asserts that Plaintiff's first-line supervisor from 2010 to June 14, 2014, was Portia Graham, from June 15, 2014 to September 14, 2016, was Barry Bratburd, from September 15, 2016 to January 28, 2018, was Portia Graham, and from January 29, 2018 to 2020 was Jennifer Scherer. Defendant admits that, on information and belief, Plaintiff resides in Prince George's County, Maryland, as her address is listed in the caption of the Complaint.

7. With respect to the first sentence of this paragraph, Defendant admits the allegations in that sentence with the clarification that the mission of the Department of Justice as stated on the Department's website is to uphold the rule of law, keep the country safe from all threats foreign and domestic, and to protect civil rights. *See* https://www.justice.gov/doj/doj-strategic-plan/message-attorney-general (last visited Aug. 23, 2024). The second sentence asserts a conclusion of law to which no response is required.

---

[1] For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

8. Defendant denies the allegations in this paragraph and asserts that Plaintiff initiated contact with the Department's Office of Justice Programs' EEO Office on July 31, 2019, and such contact did not encompass all of the claims raised in the Complaint.

9. Defendant admits that the Department's EEO Director issued a notice dated October 23, 2019, to Plaintiff of Plaintiff's right to file a formal administrative complaint. Defendant at present lacks sufficient knowledge or information as to when Plaintiff received that notice.

10. Defendant admits that Plaintiff filed a formal complaint of discrimination dated November 15, 2019, refers the Court to that document for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that administrative complaint.

11. Defendant admits the allegations in this paragraph.

12. Defendant admits that, on August 1, 2022, an EEOC Administrative Judge dismissed Plaintiff's request for a hearing and remanded her administrative complaint to the agency for a final agency decision. Defendant refers the Court to that document for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that document.

13. Defendant admits that the agency's Complaint Adjudication Officer acknowledged receipt of Plaintiff's EEO administrative complaint, and respectfully refers the Court to that communication for a complete and accurate statement of its contents,

and denies the allegations in this paragraph to the extent inconsistent with the content of that communication.

14. Defendant admits that, as of the filing date of the Complaint, it had not issued a final agency decision. The remaining allegations in this paragraph assert conclusions of law to which no response is required.

15. This paragraph asserts conclusions of law to which no response is required.

## BACKGROUND FACTS

16. Defendant admits the allegations in this paragraph.

17. Defendant admits that Plaintiff began working in the Department's Office of Justice Programs in 2010. Because the allegations do not specify the time period for the responsibilities alleged, Defendant lacks sufficient information to admit or deny, but Defendant does admit that Plaintiff's primary responsibilities as of the date of her FY 2019 performance appraisal, and according to that appraisal, included records management, coordination of FOIA requests to NIJ, performance measurement and progress reporting, and purchase card administration.

18. Defendant denies that Plaintiff received a rating of "Exceeded Expectations" in 2016, 2017, and 2018, and asserts that Plaintiff received an overall annual performance rating of "Meets Expectations" in 2016 and "Exceeds Expectations" in 2017 and 2018. Defendant denies Plaintiff's characterization of her performance as "stellar" but admits that Plaintiff received monetary and/or time-off awards as more fully reflected in her personnel records.

19. Defendant denies the allegations in the first sentence of this paragraph and asserts that Barry Bratburd served as Plaintiff's first line supervisor during the period of

  June 15, 2014 to September 14, 2016, during which time Jennifer Scherer served as Plaintiff's second-line supervisor, and Jennifer Scherer served as Plaintiff's first-line supervisor from January 28, 2018 to April 28, 2020. As to the allegations in the second sentence of this paragraph, Defendant admits only that Mr. Bratburd was employed by DOJ as a Supervisory Program Manager while he was Plaintiff's first-line supervisor and Defendant asserts that Scherer was employed by DOJ as a Supervisory Program Manager from January 28, 2018 to March 6, 2018 and as Chief of Staff at the National Institute of Justice beginning on March 7, 2018. Defendant otherwise denies the allegations in the second sentence of this paragraph.

20. Defendant denies the allegations in this paragraph and asserts that Plaintiff submitted an EEO Pre-Complaint against the Department's Office of Justice Programs on March 3, 2016, naming Barry Bratburd as the alleged responsible management official, and in June 2016 submitted an EEO complaint against the Office of Justice Programs, naming Mr. Bratburd as the alleged responsible management official.

21. Defendant denies the allegations in this paragraph and asserts that Ms. Scherer became Plaintiff's first-line supervisor on January 28, 2018, and served in that role until Plaintiff's termination on April 28, 2020.

22. Defendant admits that Jennifer Scherer nominated both Plaintiff and Lisa Milton jointly for a Special Act Award and notified both in July 2018 that they would each be receiving $500. Defendant refers the Court to the referenced documents for a complete and accurate statement as to the basis for the award and denies the allegations in this paragraph to the extent inconsistent with the content of that

document. Although Defendant admits that Plaintiff and Lisa Milton were notified of the award in July 2018, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegation that the nomination occurred in July 2018.

23. Defendant denies the allegations in this paragraph.

24. With respect to the first sentence of this paragraph, Defendant admits only that the EEO complaint that Plaintiff ultimately filed in June 2016 was not withdrawn, but otherwise denies the allegations in this sentence, including any implication in this sentence that Plaintiff was asked to withdraw that EEO complaint. Defendant denies the allegations contained in the second sentence of this paragraph.

25. Plaintiff's claim based on the allegations in this paragraph was dismissed by this Court's memorandum decision dated July 22, 2024, and, accordingly no response is required to the allegations in this paragraph. To the extent any response is required to the first two sentences of this paragraph, Defendant at this time lacks sufficient knowledge or information to form a belief about the truth of the allegations in those sentences. Defendant denies the allegations in the third sentence of this paragraph, as well as any implication in this paragraph that Ms. Scherer engaged in retaliation against Plaintiff or otherwise acted in an improper or unlawful manner.

26. Plaintiff's claim based on the allegations in this paragraph was dismissed by this Court's memorandum decision dated July 22, 2024, and, accordingly no response is required to the allegations in this paragraph. To the extent any response is required, Defendant admits that the Union President sent an email to Jennifer

Scherer on February 26, 2019, refers the Court to that communication for a complete and accurate statement of its contents, and denies the allegations in this paragraph to the extent inconsistent with the content of that communication. Defendant at this time lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in the second sentence.

27. Plaintiff's claim based on the allegations in this paragraph was dismissed by this Court's memorandum decision dated July 22, 2024, and, accordingly no response is required to the allegations in this paragraph.

28. Plaintiff's claim based on the allegations in this paragraph was dismissed by this Court's memorandum decision dated July 22, 2024, and, accordingly no response is required to the allegations in this paragraph. To the extent any response is required, Defendant denies the allegations in this paragraph.

29. Plaintiff's claim based on the allegations in this paragraph was dismissed by this Court's memorandum decision dated July 22, 2024, and, accordingly no response is required to the allegations in this paragraph. To the extent any response is required to the first sentence of this paragraph, Defendant refers the Court to the referenced mid-year review for a complete and accurate statement of its contents and denies the allegations in this sentence to the extent inconsistent with the content of the mid-year review. To the extent any response is required to the allegations in the remaining sentences of this paragraph, Defendant denies those allegations.

30. Plaintiff's claim based on the allegations in this paragraph was dismissed by this Court's memorandum decision dated July 22, 2024, and, accordingly no response

is required to the allegations in this paragraph. To the extent any response is required, Defendant denies the allegations in this paragraph.

31. Defendant admits only that Plaintiff was assigned some of the work duties of a co-worker (but not all of the work duties) who was unexpectedly on extended leave due to the death of her husband but denies the remaining allegations in this paragraph.

32. Defendant denies that Plaintiff submitted an EEO Pre-Complaint Intake Form to Defendant on July 30, 2019, and asserts that the EEO Pre-Complaint was not submitted until July 31, 2019. In response to the remaining allegations in this paragraph, Defendant refers the Court to the referenced EEO Pre-Complaint for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of that document.

33. Defendant admits that in May 2019 Ms. Scherer directed Plaintiff to conduct a thorough review of her FY 2019 purchase card transactions and did not instruct any other employees to perform a similar review. Defendant denies that that direction was given in August 2019 as alleged by Plaintiff and asserts that it was given in May 2019. Defendant denies the remaining allegations in this paragraph.

34. In response to the first two sentences of this paragraph, Defendant admits only that the Union President purported in an email to have conducted a review of the Plaintiff's purchase card transactions and stated in that email that she did not find any errors. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegation in these sentences in terms of what the Union President may have reviewed prior to making those assertions. To the extent this

paragraph purports to describe the content of the Union President's email, Defendant refers the Court to that email for a complete and accurate statement of its contents and denies any allegation characterizing the email that is inconsistent with the email's actual content. To the extent this paragraph is asserting that the substance of the email is correct, as opposed to purportedly describing its content, Defendant denies any such assertion.

35. Defendant admits that Plaintiff was placed on a Performance Improvement Plan ("PIP") on September 5, 2019, but denies Plaintiff's characterization that this was "another 45-day PIP." Defendant denies the remaining allegations in this paragraph.

36. The claim based on the allegations in this paragraph was dismissed by this Court's memorandum decision dated July 22, 2024, and accordingly no response is required to the allegations in this paragraph. To the extent any response is required to the first two sentences of this paragraph, Defendant admits that Ms. Scherer issued a letter of reprimand to Plaintiff dated October 22, 2019 and that the letter of reprimand is attached as exhibit 1 to the Complaint. In further response to the allegations in the first two sentences of this paragraph, Defendant refers the Court to the letter of reprimand for a complete and accurate statement of its contents and denies the allegations in these sentences to the extent inconsistent with the content of that document. To the extent any response is required to the remaining sentences in this paragraph, Defendant denies the allegations in those sentences.

37. Defendant admits that the Department's EEO Director issued a notice dated October 23, 2019 to Plaintiff of Plaintiff's right to file a formal administrative

complaint. Defendant at present lacks sufficient knowledge or information as to when Plaintiff received that notice.

38. Defendant admits that a letter stating that it is from Plaintiff's physician and dated October 29, 2019 is attached as Exhibit 2 to the Complaint. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

39. Defendant admits only that the letter referenced in paragraph 38 contains language stating that Plaintiff was "medically excused" from work. Defendant denies that the letter was provided to Ms. Scherer on November 1, 2019, and asserts that it was not provided to her until on or about November 26, 2019. Defendant denies the remaining allegations in this paragraph.

40. Defendant admits that Ms. Scherer temporarily marked Plaintiff as AWOL on or about November 12, 2019, but asserts that this notation was changed upon receipt of medical documentation on or about November 26, 2019. Defendant denies the remaining allegations in this paragraph.

41. Defendant admits that Ms. Scherer informed Plaintiff on November 13, 2019, that she had not submitted sufficient medical documentation to support her request for extended sick leave and otherwise denies the allegations in this paragraph.

42. Defendant admits that Plaintiff submitted an EEO complaint against the Department's Office of Justice Programs naming Scherer as the alleged responsible management but avers that it was submitted on November 15, 2019 (as alleged by Plaintiff in paragraph 10), not November 14, 2019.

43. In response to the first four sentences of this paragraph, Defendant admits that Ms. Scherer issued Plaintiff a letter dated November 12, 2019, stating that Plaintiff had failed to successfully complete the PIP, and that a copy of that letter is attached as Exhibit 3 to the Complaint. Defendant refers the Court to that letter for a complete and accurate statement of its contents and denies the allegations in the first four sentences of this paragraph to the extent inconsistent with the content of that letter. Defendant denies the allegations in the last two sentences of this paragraph.

44. Defendant admits the allegations in this paragraph.

45. With respect to the allegations in the first sentence of this paragraph, Defendant admits that Ms. Scherer denied Plaintiff's annual leave requests in the Web Time and Attendance system on December 3, 2019, but asserts that Ms. Scherer notified Plaintiff on November 22, 2019 that "given [Plaintiff's] already extended absence, the operational needs of the office, and the fact that such an extended leave request would prevent management from granting the end-of-year requests of other employees, [Scherer is] unable to approve the time [Plaintiff] request[ed]." Scherer also noted that she would be "willing to approve up to two (2) weeks of annual leave, and to work with [Plaintiff] to identify other times at which [Plaintiff] could potential[ly] use leave." Defendant admits the allegation in the second sentence of this paragraph and denies the allegations in the third and fourth sentences of this paragraph.

46. The claim based on the allegations in this paragraph was dismissed by this Court's memorandum decision dated July 22, 2024, and accordingly no response is required

to the allegations in this paragraph. To the extent any response is required, Defendant denies the allegations in this paragraph.

47. The claim based on the allegations in this paragraph was dismissed by this Court's memorandum decision dated July 22, 2024, and accordingly no response is required to the allegations in this paragraph. To the extent any response is required to the first two sentences of this paragraph, Defendant admits that Ms. Scherer issued a Notice of Proposed Removal to Plaintiff dated December 10, 2019 and that the Notice of Proposed Removal is attached as exhibit 4 to the Complaint. To the extent any response is required to the third and fourth sentence of this paragraph, Defendant denies the allegations in those sentences.

48. The claim based on the allegations in this paragraph was dismissed by this Court's memorandum decision dated July 22, 2024, and accordingly no response is required to the allegations in this paragraph. To the extent any response is required to the first sentence of this paragraph, Defendant asserts that the terms "persistently" and "errors" are vague and ambiguous such that Defendant lacks sufficient knowledge or information to admit or deny or the allegations in that sentence. Defendant denies the allegations in the remaining sentences of this paragraph.

49. The claim based on the allegations in this paragraph was dismissed by this Court's memorandum decision dated July 22, 2024, and accordingly no response is required to the allegations in this paragraph. To the extent any response is required, Defendant admits that Defendant issued a letter to Plaintiff dated May 1, 2020 and that the letter is attached as exhibit 5 to the Complaint. In further response to the allegations in this paragraph, Defendant refers the Court to the letter for a complete

and accurate statement of its contents and denies the allegations in this sentence to the extent inconsistent with the content of that document.

### *Harm Suffered by Ms. Anderson*

50. This paragraph asserts legal conclusions to which no response is required. To the extent any response is required, the allegations are denied.

51. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations regarding Plaintiff's alleged medical condition but denies the allegations in this paragraph that Defendant engaged in retaliation against her or otherwise acted in an improper or unlawful manner, and also denies any allegation attributing Plaintiff's alleged medical condition to any conduct by Defendant. To the extent any further response is required, the allegations in this paragraph are denied.

52. Defendant denies the allegations in this paragraph.

### **COUNT I–RETALIATION**

53. Defendant restates its responses to the allegations set forth in paragraphs 1 through 52 above.

54. This paragraph purports to characterize the provisions of Title VII. To the extent any response is required, Defendant refers the Court to that statute for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with that statute.

55. This paragraph asserts a conclusion of law to which no response is required.

56. This paragraph asserts a conclusion of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

57. This paragraph asserts a conclusion of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

58. Defendant denies the allegations in this paragraph.

59. Defendant denies the allegations in this paragraph.

60. Defendant denies the allegations in this paragraph.

**COUNT II–RETALIATORY HOSTILE WORK ENVIRONMENT**

61. Defendant restates its responses to the allegations set forth in paragraphs 1 through 60 above.

62. This paragraph purports to characterize the provisions of Title VII. To the extent any response is required, Defendant refers the Court to that statute for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with that statute.

63. Defendant denies the allegations in this paragraph.

64. Defendant denies the allegations in this paragraph.

65. Defendant denies the allegation in this paragraph that Ms. Scherer engaged in unlawful workplace conduct and thus denies the allegations in this paragraph.

66. Defendant denies the allegations in this paragraph.

**PRAYER FOR RELIEF**

The remainder of the Complaint, which identifies the relief requested, asserts conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in the paragraph entitled "Prayer for Relief" and specifically denies that Plaintiff is entitled to any relief whatsoever; however, if any damages are recovered, the amount of those damages may be subject to and limited by 42 U.S.C. section 1981a, and any relief may be further limited by 42 U.S.C. section 2000e-5(g)(2)(B).

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations contained in the Complaint that are not clearly and specifically admitted herein.

Dated: August 27, 2024

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: */s/ Jeremy S. Simon*
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
601 D. Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.Simon@usdoj.gov

*Attorneys for the United States of America*