UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANNA ANDERSON,<br><br>     Plaintiff,<br><br>  v.<br><br>MERRICK G. GARLAND,<br>Attorney General,<br><br>     Defendant. | Civil Action No. 23-2674 (TNM) |

**JOINT REPORT OF LOCAL RULE 16.3 CONFERENCE**

Pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 16.3, and the Court's July 22, 2024 Order for Initial Scheduling Conference, the parties hereby state that they conferred and submit this Joint Report and a Proposed Scheduling Order.

A. **STATEMENT OF THE CASE**

**Plaintiff's Statement:** Plaintiff Anna Anderson commenced this action against the U.S. Department of Justice (DOJ) under Title VII of the Civil Rights Act of 1964, alleging that she was subjected to unlawful retaliation and a retaliatory hostile work environment. Ms. Anderson asserts that after she refused to withdraw an EEO complaint filed in 2016 against her former supervisor, her subsequent supervisor, Jennifer Scherer, engaged in a series of retaliatory actions. These actions included: (1) assigning her a disproportionate workload; (2) placing her on a Performance Improvement Plan in September 2019; (3) denying her annual leave request in December 2019;

and (4) ultimately terminating her employment in April 2020.[1] Ms. Anderson seeks appropriate relief for the damages she suffered as a result of the retaliatory conduct.

**Defendant's Statement:** Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, alleging that certain employment actions during her employment with the Office of Justice Programs of the Department of Justice were retaliatory and that she also was subject to a retaliatory hostile work environment. Following this Court's July 22, 2024, ruling on Defendant's motion to dismiss or alternatively for summary judgment, the remaining claims that are subject to discovery concern Plaintiff's retaliatory hostile work environment claim and Plaintiff's claim that Defendant retaliated against her when it: (1) allegedly assigned her a disproportionate amount of work on July 5, 2019; (2) placed her on a Performance Improvement Plan in September 2019; and (3) denied an annual leave request in December 2019. (ECF No. 13, Mem. Op. at 12-13, 15-16) Defendant disputes any suggestion by Plaintiff above (including in the accompanying footnote) that Plaintiff's removal remains a claim in this case following the Court's ruling on the motion to dismiss. To the extent Plaintiff seeks leave to amend the Complaint to add a retaliation claim based on the proposal to remove (footnote 1, supra), Defendant anticipates that it will oppose that motion on futility grounds. Defendant further denies the allegations that the alleged employment actions were retaliatory. Pursuant to the Court's order dated July 29, 2024, Defendant filed its

---

[1] In its Order, the Court determined that Plaintiff did not identify the Notice of Proposed Removal as a basis for her retaliation claim. (*See* ECF No. 13, p. 5 n.5). Plaintiff agrees that the allegation regarding the Notice of Proposed Removal in her Complaint (ECF No. 1, Complaint ("Compl."), ¶ 47) is not expressly enumerated as one of the specific actions being challenged in Counts I and II despite being incorporated therein, (*see* Compl., ¶ 53, 56, 61, and 64). Plaintiff intends to amend the Complaint for the sole purpose of making clear that she is challenging the Notice of Proposed Removal as an unlawful retaliatory act in violation of Title VII.

Answer on August 27, 2024, in which it asserted additional defenses, including those that were not raised at the motion to dismiss stage because they required further development of the record.

### B.  PROPOSED SCHEDULE

As set forth more fully in section "C" below, the parties propose that the Court adopt the following schedule:

| | |
|---|---|
| Commencement of Discovery: | September 18, 2024 |
| Rule 26(a)(1) Initial Disclosures: | October 3, 2024 |
| Deadline to move for leave to amend pleadings and add additional parties: | October 18, 2024 |
| Proponent's R. 26(a)(2) Disclosures: | December 18, 2024 |
| Opponent's R. 26(a)(2) Disclosures: | February 13, 2025 |
| All Discovery Closed: | March 18, 2025 |
| Post-Discovery Conference: | To be Determined by the Court |
| Pretrial Conference | To be Determined by the Court |
| Trial | To be Determined by the Court |

### C.  LCVR 16.3 MATTERS DISCUSSED

The parties address all topics listed in Local Civil Rule 16.3(c) as follows:

1.  <u>Dispositive Motions</u>:  Currently, there are no pending pre-discovery dispositive motions in this case. Plaintiff does not believe this case will likely be disposed of by dispositive motions. Defendant anticipates filing such a motion after discovery concludes.

2.  <u>Joinder & Amendment</u>:  The parties agree that third party pleadings are unnecessary and that any motions for leave to amend pleadings will be made within 30 days

following the beginning of discovery.

       3.      <u>Assignment to Magistrate Judge</u>:  Both parties consent to the assignment of this case to a Magistrate Judge for all purposes.

       4.      <u>Settlement</u>:  Plaintiff believes that there is a realistic possibility of settling this case.  Defendant believes that settlement seems unlikely at this juncture, but remains willing to revisit the possibility of settlement as discovery progresses. To the extent the parties mutually believe they would benefit from Alternative Dispute Resolution procedures, the parties will notify the Court.

       5.      <u>Alternative Dispute Resolution ("ADR")</u>:  The parties do not believe a pre-discovery settlement conference or mediation would be productive at this time.

       6.      <u>Summary Judgment</u>:  Plaintiff does not believe this case will likely be disposed of by dispositive motions and does not intend to file such a motion. Defendant believes that this matter may be resolved by summary judgment. Defendant accordingly intends to file such a motion after close of all discovery. The parties propose that a schedule for the filing of post-discovery dispositive motions be established at the post-discovery conference.

       7.      <u>Initial Disclosures</u>:  The parties agree to exchange the initial disclosures required by the Federal Rules of Civil Procedure and the Local Rules of this Court by October 3, 2024.

       8.      <u>Discovery</u>:  The parties propose that discovery should commence on September 18, 2024, and will run for six months, ending on March 18, 2025.

The parties agree that they should be allowed twenty (20) interrogatories, including sub-parts; twenty-five (25) document requests; and twenty-five (25) requests for admissions.  Any

further requests for interrogatories, document requests, and/or requests for admissions will require leave of Court or agreement of the parties.

The parties have different positions regarding the number of depositions that the Court should authorize. Plaintiff asserts that each side should be permitted ten depositions, which is the default number under Rule 30(a)(2). Defendant maintains that, given the limited claims and time period at issue, each side should be permitted five depositions, with each party reserving the right to move for leave to take additional depositions if a party later determines that to be necessary and if the parties are otherwise not able to reach agreement on the additional deposition(s).

The parties are amenable to have certain depositions occur by remote means when feasible but each reserves the right to request in-person depositions for specific witnesses, including Plaintiff and Plaintiff's former supervisor. Defendant anticipates that a protective order may be needed before certain information may be disclosed in discovery, including information that may implicate the Privacy Act, 5 U.S.C § 552a. The parties will work together to attempt to agree on language acceptable to both parties before submission of a proposed protective order to the Court. The parties agree to accept service of discovery requests and responses to discovery requests by email.

9. <u>Privilege Issues</u>:  The parties do not anticipate any issues arising involving claims of privileged or protected trial-preparation materials. They will promptly notify the Court if protected or privileged information is inadvertently produced and will follow the procedures set forth in Fed. R. Civ. P. 26(b)(5)(B).

10. <u>Experts</u>: The parties recommend that the expert disclosures, if any, required by Fed. R. Civ. P. 26(a)(2) be made as follows: Plaintiff shall designate expert witness(es) and

provide any report(s) required by Rule 26(a)(2) by December 18, 2024; Defendant shall designate expert witness(es) and provide any report(s) required by Rule 26(a)(2) by February 13, 2025. The parties propose that all other requirements of Federal Rule of Civil Procedure 26 regarding experts shall apply.

11. <u>Class Actions</u>:  This is not a class action.

12. <u>Bifurcation of Discovery</u>:  The parties are not, at this time, recommending bifurcation of discovery or trial. They, however, reserve the right to revisit the issue of bifurcation of discovery should they later determine that bifurcation would be more efficient.

13. <u>Proposed Date for Pretrial Conference</u>:  The parties propose that any date for a pretrial conference be addressed at the post-discovery conference.

14. <u>Trial Date</u>:  The parties request that a trial date be set at the pretrial conference.

15. <u>Other Matters</u>:

<u>Defendant</u>:  Defendant maintains that any discovery requested in this lawsuit should be tailored so as to not duplicate documents contained in the Report of Investigation.  Given the limited claims at issue, Defendant also does not believe that significant electronic discovery will be necessary in this case, and believes that, with limited exception, documents initially created in electronic form, including electronic mail, should only be produced in hard copy (i.e., paper copy or as a pdf), and that Defendant should not be required to produce metadata as part of electronic discovery or to search disaster recovery tapes, such as back-up tapes.  Defendant will consider providing specific emails in native format if Plaintiff identifies a specific need for that format and Defendant determines that it is feasible to do so.  With respect to Plaintiff's proposal below regarding the method for producing documents in response to discovery requests, Defendant plans

to utilize the U.S. Attorney's Office's USAFx system when feasible to do so.

Plaintiff:  Plaintiff agrees that discovery should be tailored to avoid the unnecessary duplication of documents contained in the Report of Investigation. However, Plaintiff intends to request the production of certain electronic discovery, specifically emails, in their native file format with the associated metadata intact. This is because such information is maintained in the ordinary course of business and is essential for ensuring the integrity and completeness of the evidence based on the claims at issue. As for the method of production, Plaintiff proposes the use of secured data transfer tools for exchanging electronic discovery. This method ensures that the information is transmitted securely while maintaining accessibility for both parties. Plaintiff intends to use a password-protected folder on OneDrive to exchange electronic discovery.

September 3, 2024                            Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: */s/ Jeremy S. Simon*
JEREMY S. SIMON, D.C. Bar No. 447956
Assistant United States Attorney
601 D. Street, N.W.
Washington, D.C. 20530
(202) 252-2528
jeremy.simon@usdoj.gov

*Counsel for Defendant*

By:      */s/ Jordan D. Howlette*
             JORDAN D. HOWLETTE
             DC Bar No.: 155982

Managing Attorney
JD Howlette Law | Justly Prudent
1140 3rd Street NE, Suite 2180
Washington, DC 20002
Tek: 202-921-6005
Fax: 202-921-7102
Email: jordan@jdhowlettelaw.com

*Counsel for Plaintiff*