UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANNA ANDERSON,<br><br>        Plaintiff,<br><br>   v.<br><br>MERRICK G. GARLAND,<br>Attorney General,<br><br>        Defendant. | Civil Action No. 23-2674 (MAU) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR LEAVE TO AMEND</u>**

      Plaintiff moves to amend her Complaint in this action under Title VII principally to add a claim of retaliation based on her receipt of a notice of proposed removal on December 10, 2019. This Court has previously dismissed Plaintiff's retaliation claim based on the actual removal decision of April 28, 2020. Mem. Op. (ECF No. 13) at 12. Because Plaintiff's proposed amended pleading fails to allege any harm associated with the proposed removal not encompassed by the removal itself, and also fails to allege any difference in the factual basis for the proposed removal and the actual removal decision, the proposal to removal claim is duplicative of the already dismissed removal claim and is not independently actionable. Thus, Plaintiff's request to amend to add a retaliation claim based on the proposed removal should be denied on futility grounds as addressed more fully below. To the extent the proposed amended pleading contains other proposed revisions to the existing Complaint, they also should be rejected as immaterial or unnecessary.

**PROCEDURAL BACKGROUND**

Plaintiff Anna Anderson ("Anderson") has filed a two-count Complaint asserting that she was the subject of certain alleged acts of retaliation based on alleged prior protected conduct (count one) and that she was subjected to a retaliatory hostile work environment (count two). The alleged acts of retaliation specifically identified in count one consist of: (a) denying Anderson's telework/on-site schedule in February 2019; (b) threatening in February 2019 to take away Anderson's cubicle; (c) issuing Anderson on June 5, 2019 an unacceptable performance rating and putting her on a 45-day Performance Improvement Plan; (d) placing Anderson on another Performance Improvement Plan in September 2019; (e) assigning a disproportionate amount of work to Anderson on July 5, 2019 relative to her colleagues; (f) issuing a reprimand to Anderson on October 22, 2019; (g) denying Anderson's annual leave request on December 3, 2019 and sick leave request on December 5, 2019; and (h) terminating Anderson's employment effective April 28, 2020. Compl. (ECF No. 1) ¶ 56. Anderson acknowledges that she did not assert in count one as a distinct act of retaliation the December 2019 notice of proposed removal that preceded the April 28, 2020 removal decision. Jt. Rep. (ECF No. 17) at 2 n.1

Defendant filed a motion to dismiss or, in the alternative, for summary judgment in response to the Complaint. As it pertained to count one, the motion argued that the discrete claims of retaliation either were untimely raised, not administratively exhausted, failed to rise to the level of materially adverse actions, or were not supported by facts that plausibly give rise to an inference that they were taken by the agency in retaliation for protected conduct. *See generally* Def. Mot. (ECF No. 9). In its July 22, 2024 memorandum opinion, the Court granted the motion in part as it related to count one, dismissing all claims raised in that count other than Plaintiff's claim that Defendant retaliated against her when it: (1) allegedly assigned her a disproportionate amount of work on July 5, 2019; (2) placed her on a Performance Improvement Plan in September 2019; and

(3) denied an annual leave request in December 2019. Mem. Op. (ECF No. 13) at 12-13. The Court denied the motion as it related to count two, which asserted a retaliatory hostile work environment claim. *Id*. at 15-16.

As is relevant here, the Court dismissed Anderson's claim of retaliation related to her removal from employment, holding that Anderson had elected a path for administrative exhaustion of that claim—by way of a negotiated grievance procedure—that precluded her from pursuing that claim in district court. Specifically, as to the April 2020 removal decision, Anderson had the option of electing to: (1) contact an EEO counselor within 45 days of the decision to pursue a mixed case complaint with her agency's EEO office, (2) file a mixed case appeal with the Merit Systems Protection Board ("MSPB" or the "Board"), or (3) file a grievance under the negotiated grievance procedure of the agency's collective bargaining agreement.[1] *Id*. at 9; *see also Banks v. Nat'l Pers. Records Ctr*., No. 05-cv-1813, 2006 U.S. Dist. LEXIS 39696, at *11 (E.D. Mo. June 15, 2006) (discussing these three options).

Anderson chose the latter option, which ultimately afforded her no path for judicial review in district court. Mem. Op. (ECF No. 13) at 9-11. Under the Civil Service Reform Act, "an aggrieved employee may challenge her removal under the statutory procedure or the negotiated

---

[1] A removal from federal service is one of the five categories of "adverse" employment actions that are appealable to the MSPB, 5 C.F.R. § 1201.3(a)(1), and, as such, an employee who is the subject of a removal decision that she alleges to be retaliatory can choose between filing a "mixed case complaint" with the agency's EEO office or filing a "mixed case appeal" with the MSPB. *See generally Butler v. West*, 164 F.3d 634, 638-39 (D.C. Cir. 1999); *see also* 29 C.FR. § 1614.302(b). Moreover, when the affected employee is covered by a negotiated grievance procedure, the employee "may raise the matter under the statutory procedure or the negotiated procedure, but not both." 5 U.S.C. § 7121(d); 5 U.S.C. § 7121(e). A proposed removal, in contrast, is not an "adverse" action appealable to the MSPB and is expressly excluded from coverage of the collective bargaining agreement's grievance procedure. Agreement (ECF No. 9-4) at ECF p. 34 at § 3(j).

procedure, 'but not both.'" *Id*. at 9-10. Thus, the effect of Anderson's binding election was that she forfeited her ability to challenge her April 2020 removal in federal court. *Id.* at 9-11.

Although Anderson had raised the December 2019 notice of proposal to remove in her EEO administrative complaint, Anderson's federal court pleading did "not identify the Notice of Proposed Removal as a basis for her retaliation claim." *Id*. at 12 n.5. Thus, the Court had no occasion in its July 22, 2024, decision to determine whether a notice of proposed removal is independently actionable under a retaliation theory when the Court already has held that the employee cannot pursue a claim based on the actual removal decision. That issue is now before the Court based on Plaintiff's request to amend her pleading to add an independent retaliation claim based on her receipt of the December 2019 notice of proposed removal.

**ARGUMENT**

Although Federal Rule of Civil Procedure ("Rule") 15(a)(1)(2) provides that a "court should freely give leave" to amend "when justice so requires", that inquiry is not limited to whether the Defendant would be "prejudiced" by the amendment as narrowly characterized in Plaintiff's motion. A court has discretion to deny a motion to amend on grounds of futility when the proposed amendments would not survive a motion to dismiss. *Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.,* 366 F.3d 930, 945 (D.C. Cir. 2004); *see also Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998) ("an affirmative defense may be raised by pre-answer motion under Rule 12(b) when the facts that give rise to the defense are clear from the face of the complaint"). *Willoughby v. PEPCO*, 100 F.3d 999, 1003 (D.C. Cir. 1996) ("The decision whether to allow a plaintiff to amend his complaint is also reviewed for abuse of discretion but leave to amend should be freely given unless there is good reason, such as futility, to the contrary."). Courts also have discretion to deny requests to amend when the amendments are unnecessary. *See*

*Lynch v. West Group*, No. 03-113 (RMC), 2003 U.S. Dist. LEXIS 20709, at *1 (D.D.C. Nov. 12, 2003).

I. **Plaintiff's Request to Add a Retaliation Claim Based on the Proposed Removal Should Be Denied As Futile.**

Plaintiff's motion for leave to amend her pleading to add a retaliation claim to count one based on the proposed removal should be denied on the grounds of futility. As an initial matter, only employment actions that constitute "materially adverse actions" are actionable as independent claims of retaliation. "The anti-retaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm," and employment actions that are not "materially adverse" are not independently actionable. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67-68 (2006).

The December 2019 proposal to remove is not independently actionable as a claim of retaliation because Anderson's proposed amended pleading fails to allege that the proposal impacted her employment in a manner not already encompassed by the ultimate removal decision. *Hornsby v. Watt*, No. 17-5001, 2017 U.S. App. LEXIS 22849, at *10 (D.C. Cir. Nov. 14, 2017) (observing that a proposal to remove would not be a separate materially adverse action "because the proposal is not a final action and does not necessarily mean termination will occur, [and] there is nothing in the record that the proposal (as opposed to the actual termination) led to the loss of a job or advancement opportunities"); *see also Reed-Morton v. Fudge*, Civ. A. No. 22-1079 (TNM), 2022 U.S. Dist. LEXIS 198833, at *15 (D.D.C. Nov. 1, 2022) ("Courts in this district have held that a proposed employment decision is not actionable if it has no independent effects from the final decision.").[2]

---

[2] In *Porter v. Shah*, 606 F.3d 809 (D.C. Cir. 2010), the D.C. Circuit held that a negative performance assessment together with a Performance Improvement Plan "constituted a material adverse action" in that case. *Id.* at 818. Accordingly, the Court determined in its July 22, 2024,

Anderson's proposed amended pleading does not allege that the issuance of the proposed removal in December 2019 had "independent effects" on her employment distinct from the actual removal decision issued in April 2020. To the contrary, it alleges only that the proposed removal was a required step in the process that ultimately led to the actual April 2020 decision to remove her. Prop. Am. Compl. Redline (ECF No. 18-2) ¶ 47. Accordingly, given the absence of any alleged "effect" on employment "independent . . . from the final [removal] decision," the proposed removal is not a materially adverse action that can support an independent claim of retaliation. *Reed-Morton*, 2022 U.S. Dist. LEXIS 198833, at *15.

Second, this Court already has held that Anderson had forfeited pursuing a retaliatory removal claim in federal court based on her binding election under 5 U.S.C. § 7121(d) to pursue a particular path of administrative exhaustion for that claim. Mem. Op. (ECF No. 13) at 9-11. Specifically, Anderson elected to pursue a remedy for her termination through a negotiated grievance process that ultimately never reached the arbitration stage and thus never became ripe for judicial review. Based on that election, the Court dismissed Anderson's removal claim on failure to exhaust grounds. *Id.* That dismissal necessarily precludes Anderson from recovering any damages or other relief (such as back pay, front pay or reinstatement) associated with her removal.

Anderson cannot now circumvent this Court's prior decision and her binding election under section 7121(d) by requesting to amend her pleading to add a claim based on a proposed removal that, as pled, duplicates the dismissed removal claim. *See Am. Fed. of Gov't Emps. v. Fed. Lab.*

---

decision that Anderson had plausibly pled a materially adverse action regarding her placement on a Performance Improvement Plan. Mem. Op. (ECF No. 13) at 13. But *Porter* did not address the question here, which is whether a proposed removal is independently actionable. That issue is governed by *Hornsby*, 2017 U.S. App. LEXIS 22849, at *10.

*Rels. Auth.*, 960 F.2d 176, 178 (D.C. Cir. 1992) (finding any difference between a proposed suspension and actual suspension decision to be "irrelevant" when the applicable administrative scheme seeks to "preclude duplicative proceedings by requiring an aggrieved party to make an election of remedies").  The two claims are duplicative because Anderson does not allege any difference between the grounds for the proposed removal and the final removal decision, fails to allege harm attributable solely to the proposal to remove that is not encompassed by the removal itself, and continues to seek as relief back pay, front pay and reinstatement despite the Court's dismissal of the removal claim (Prop. Am. Compl. Redline (ECF No. 18-2) at 14).  *See Wildberger v. Fed. Lab. Rels. Auth.*, 132 F.3d 784, 792-93 (D.C. Cir. 1998) (holding that the agency did not act arbitrarily in determining that an unfair labor practice claim based on a proposed removal was subsumed by the agency's resolution of the actual removal claim when the proposed removal and actual removal were based on the same "factual predicate").

In the absence of any alleged harm attributable solely to the proposed removal, or any alleged difference between the "factual predicate" for the proposal to remove and removal decision, Anderson's proposed retaliation claim based on the proposed removal is simply a reiteration through artful pleading of the already dismissed removal claim.  The purpose of the binding election provisions in the Civil Service Reform Act is "to simplify adjudication of employee rights and avoid the confusing and contradictory outcomes which could result if parties were permitted to adjudicate the same issue in a variety of administrative and judicial forums with overlapping jurisdiction."  *See id.* at 788.  Permitting Anderson to proceed with such a claim not only would be contrary to this Court's prior decision dismissing the removal claim but it "'would drain'" the binding election in section 7121(d) of "'much of its utility.'"  *See id*. at 793.

**II.     The Other Amendments Are Unnecessary.**

The proposed amended pleading also seeks to add an allegation that the challenged employment actions were motivated by Anderson "making several informal complaints about Ms. Scherer's conduct to both Union representatives and DOJ management." Prop. Am. Compl. Redline (ECF No. 18-2) ¶¶ 55, 58. Such allegations, however, are immaterial because "informal complaints" outside the EEO process do not constitute protected conduct under Title VII's retaliation provision unless they challenge a "'practice made . . . unlawful' by Title VII." *See George v. Leavitt*, 407 F.3d 405, 417 (D.C. Cir. 2005). The proposed amended pleading does not describe these "informal complaints" or allege that they raised EEO concerns. The generic reference to "informal complaints" outside the EEO process is thus immaterial to a retaliation claim and leave to add such allegations should be denied. *See* Fed. R. Civ. P. 12(f) (stating that a court may strike from a pleading "immaterial" matters).

Plaintiff's other proposed amendments appear to seek to conform the Complaint to the Court's July 22, 2024, memorandum opinion. *See* Prop. Am. Compl. Redline (ECF No. 18-2) ¶ 56. It is not necessary, however, for Plaintiff to amend the Complaint to give effect to the Court's July 22, 2024, decision.

\* \* \*

## CONCLUSION

For these reasons, Plaintiff's motion for leave to amend should be denied.

                        Respectfully submitted,

                        MATTHEW M. GRAVES, D.C. Bar #481052
                        United States Attorney

                        BRIAN P. HUDAK
                        Chief, Civil Division

By: _____*/s/ Jeremy S. Simon*_____
    JEREMY S. SIMON, D.C. Bar #447956
    Assistant United States Attorney
    601 D. Street, N.W.
    Washington, D.C. 20530
    (202) 252-2528
    Jeremy.Simon@usdoj.gov

*Counsel for the United States of America*